

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## COLUMBIA DIVISION

| | | |
|---|---|---|
| LINDA RANKIN CRAPS,<br>　　　　　Plaintiff, | §<br>§<br>§ | |
| vs. | § | CIVIL ACTION NO. 3:19-CV-01896-MGL |
| | § | |
| BI-LO, LLC | § | |
| 　　　　　Defendant. | § | |

## MEMORANDUM OPINION AND ORDER
## GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### I.    INTRODUCTION

Plaintiff Linda Rankin Craps (Craps) brought this slip-and-fall suit in the Lexington County Court of Common Pleas against Defendant BI-LO, LLC (BI-LO), which subsequently removed it to this Court.  The Court has diversity jurisdiction over the matter in accordance with 28 U.S.C. § 1332.

Pending before the Court is BI-LO's motion for summary judgment.  Having carefully considered the motion, the response, the reply, the record, and the applicable law, the Court will grant the motion.

### II.    FACTUAL AND PROCEDURAL HISTORY

"On . . . October 3, 2018, [Craps] was on the premises of the Subject BI-LO for the purpose of purchasing groceries." Complaint ¶ 5.  "While in the produce area of the Subject BI-LO, the

Plaintiff slipped and fell on a blueberry or other foreign object that . . . was on the floor of the Subject BI-LO." *Id.* ¶ 6.

According to Craps, "[a]s a direct and proximate result of the aforementioned, [Craps] sustained severe personal injuries which have caused and will in the future cause her to endure . . . physical pain, suffering, loss of enjoyment of life, mental anguish, emotional distress, physical impairment and permanent disfigurement, and which have caused and will continue to cause the Plaintiff to incur expenses for medical services."  *Id.* ¶ 7.

After BI-LO removed Crap's lawsuit to this Court, it filed its motion for summary judgment.  Craps subsequently filed her response in opposition, and BI-LO filed its reply in support.

The Court, having been fully briefed on the relevant issues, is prepared to adjudicate BI-LO's motion on the merits.


## III.    STANDARD OF REVIEW

The party seeking summary judgment bears the initial burden of demonstrating that there is no genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  "A fact is 'material' if proof of its existence or non-existence would affect disposition of the case under applicable law. An issue of material fact is 'genuine' if the evidence offered is such that a reasonable jury might return a verdict for the non-movant." *Wai Man Tom v. Hosp. Ventures LLC*, 980 F.3d 1027, 1037 (4th Cir. 2020) (citation omitted).

Once the movant has made this threshold demonstration, the nonmoving party, to survive the motion for summary judgment, must demonstrate specific, material facts that give rise to a genuine issue.  *Celotex Corp.*, 477 U.S. at 323.  Under this standard, "the mere existence of a

scintilla of evidence" in favor of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). "Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion." *Wai Man Tom*, 980 F.3d at 1037.

Yet, "[s]ummary judgment cannot be granted merely because the [C]ourt believes that the movant will prevail if the action is tried on the merits." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 568 (4th Cir. 2015) (quoting 10A Charles A. Wright et al., Federal Practice & Procedure § 2728 (3d ed. 1998)). "The [C]ourt may grant summary judgment only if it concludes that the evidence could not permit a reasonable jury to return a favorable verdict." *Sedar v. Reston Town Center Property, LLC*, ___F.3d___, 2021 WL 667088, at *3 (4th Cir. 2021).

"Therefore, courts must view the evidence in the light most favorable to the nonmoving party and refrain from weighing the evidence or making credibility determinations." *Variety Stores, Inc. v. Wal-Mart Stores, Inc.*, 888 F.3d 651, 659 (4th Cir. 2018) (citation omitted) (internal quotation marks omitted) (internal alteration marks omitted). A Court improperly weighs the evidence if it fails to credit evidence that contradicts its factual conclusions or fails to draw reasonable inferences in the light most favorable to the nonmoving party. *Id*. at 659–60.

## IV.    DISCUSSION AND ANALYSIS

On the day of Craps's fall, she arrived at BI-LO around 5:34 PM and made her way to the produce section of the store at approximately 5:40 PM. Craps's Response in Opposition to Summary Judgment at 2. She pushed her cart through the area in which she later slipped—the area with loose blueberries on the floor—before "realiz[ing] that she had walked past the shelf

containing cucumbers." *Id*. In search of cucumbers, Craps walked back through the same area, slipped, and fell. Craps's Deposition at 24:10–25:4.

In Craps's deposition, she admitted she knew neither how long the blueberries were on the floor nor how the blueberries reached the floor; and she failed to advance any concrete proof to clarify either of these questions. *Id.* at 28:9–13.

Instead, Craps rests her theory of liability on video surveillance captured at BI-LO on the day she fell. As the parties note, this video shows several shoppers walking through the area of Craps's fall, including one customer bending over beside her cart at approximately 5:10 PM, and a later customer "look[ing] down at the floor" at approximately 5:19 PM. Craps's Response in Opposition at 3; Defendant's Motion for Summary Judgment at 3. No BI-LO employee is visible in the area from 5:10 PM until after Craps's fall around 5:40 PM. Craps's Response in Opposition at 3.

To establish Crap's negligence claim, she must show, "(1) [BI-LO] owes a duty of care to [her], (2) {BI-LO] breached the duty by a negligent act or omission, (3) [BI-LO's] breach was the actual and proximate cause of [her] injury, and (4) [Craps] suffered an injury or damages." *Sabb v. S.C. State Univ.*, 567 S.E.2d 231, 237 (S.C. 2002).

The parties dispute the second element of *Sabb*—whether BI-LO "breached [its] duty by a negligent act or omission," *id*. In the instant case, Craps could establish BI-LO breached its duty of care by either proving (1) the blueberries were placed on the floor by BI-LO or its agents, or (2) BI-LO had actual or constructive notice of the presence of the blueberries on the floor at the time of Crap's slip and fall. *See Wintersteen v. Food Lion, Inc.*, 542 S.E.2d 728, 729 (S.C. 2001) ("To recover damages for injuries caused by a dangerous or defective condition on a storekeeper's premises, the plaintiff must show either (1) that the injury was caused by a specific act of the

defendant which created the dangerous condition; or (2) that the defendant had actual or constructive knowledge of the dangerous condition and failed to remedy it.").

Craps "does not contend that [BI-LO] had actual notice of the hazardous condition at issue in this case," but rather "that [BI-LO] had constructive notice of the loose blueberries on the floor of the produce department and negligently failed to remove them." Craps's Response in Opposition at 6. BI-LO seeks summary judgment on the grounds that "the record lacks any evidence sufficient to establish . . . constructive notice," such that Craps is unable to prove an essential element of her case. BI-LO's Motion at 4–5.

Thus, this motion turns on the issue of constructive notice. Constructive notice is generally "established through evidence the [hazard was present] for a sufficient length of time that the storekeeper should have discovered and removed it." *Wintersteen*, 542 S.E.2d at 730 n.1. Thus, to evade summary judgment, Craps must present evidence demonstrating how long the blueberries were on the floor, so she could in turn show BI-LO should have known about them. *See Wimberly v. Winn-Dixie Greenville, Inc.*, 165 S.E.2d 627, 629 (S.C. 1969) ("The jury should not be permitted to speculate that it was on the floor for such a length of time as to infer that defendant was negligent in failing to detect and remove it.") In Craps's response, however, she presents no such evidence.

Craps conceded in her deposition she had no first-hand knowledge of when the blueberries first fell to the floor. Craps's Deposition at 28:9–13. Instead, she relied in her response solely on the video surveillance provided to the Court, a grainy documentation of a customer bending next to her cart at 5:10 PM; and then another customer looking down at the floor at approximately 5:19 PM.

From that video, a jury would have to infer the blueberries fell to the ground at 5:10 PM and, building on this inference, then decide that the length of time from then until Craps's fall at 5:40 PM was sufficient to establish BI-LO was on constructive notice of the blueberries.

These cascading deductions, however, are inappropriate. Craps contends only that the video creates a "reasonable inference" of what time the blueberries may have reached the floor, not that the video definitively proves a certain time. Craps's Response in Opposition at 6. The law bars Craps from inventing such a narrative and bringing therefrom a genuine issue of material fact. *See Barwick v. Celotex Corp.*, 736 F.2d 946, 963 (4th Cir. 1984) ("Genuine issues of material fact cannot be based on mere speculation or the building of one inference upon another.").

Moreover, Craps suggests that, perhaps, a jury could decide whether the blueberries had been on the floor for "an even longer period of time" than alluded to in the surveillance video. Craps's Response in Opposition at 7. But, without even a whisper of evidence to support such a suggestion, such wild guesses are improper. *Gillespie v. Wal-Mart Stores, Inc*., 394 S.E.2d 24, 25 (S.C. Ct. App. 1990) (citations omitted).

As the Court noted above, the first time Crap walked through the area where she fell, she did so without incident. Thus, employing Crap's logic, it is not a stretch to infer she may have knocked over the blueberries herself the first time she walked through the area; and then fell on them when she came back through. That, of course, would arguably make her directly responsible for her own misadventure.

But, of course, such inferences are improper. Suffice it to say that "[t]he question of whether the [blueberries were] on the floor for such a length of time as to infer that [BI-LO] was negligent in not discovering and removing it is not one that can be left to speculation." *Id*.

Consequently, because Craps failed to offer proof beyond mere speculation of the amount of time the blueberries laid on the floor, she is unable to show BI-LO had constructive notice of the blueberries on the floor of the produce section before she fell.  As a result, BI-LO is entitled to summary judgment.

## V.    CONCLUSION

Therefore, based on the foregoing discussion and analysis, it is the judgment of this Court BI-LO's motion for summary judgment is **GRANTED**.

**IT IS SO ORDERED**.

Signed this 15th day of March, 2021, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE