

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| LINDA RANKIN CRAPS, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 3:19-CV-1896-MGL |
| | § | |
| BI-LO, LLC | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND**

**I.    INTRODUCTION**

Plaintiff Linda Rankin Craps (Craps) brought this slip-and-fall suit in the Lexington County Court of Common Pleas against Defendant BI-LO, LLC (BI-LO), which subsequently removed it to this Court. The Court has diversity jurisdiction over the matter in accordance with 28 U.S.C. § 1332.

Pending before the Court is Craps's Fed. R. Civ. P. 59(e) motion to alter or amend. Having carefully considered the motion, the response, the record, and the applicable law, the Court will deny the motion.

**II.    FACTUAL AND PROCEDURAL HISTORY**

"On . . . October 3, 2018, [Craps] was on the premises of the Subject BI-LO for the purpose of purchasing groceries." Complaint ¶ 5. "While in the produce area of the Subject BI-LO, [Craps] slipped and fell on a blueberry or other foreign object that . . . was on the floor of the Subject BI-LO." *Id.* ¶ 6.

According to Craps, "[a]s a direct and proximate result of the aforementioned, [Craps] sustained severe personal injuries which have caused and will in the future cause her to endure . . . physical pain, suffering, loss of enjoyment of life, mental anguish, emotional distress, physical impairment and permanent disfigurement, and which have caused and will continue to cause the Plaintiff to incur expenses for medical services." *Id.* ¶ 7.

After BI-LO removed Craps's lawsuit to this Court, it filed its motion for summary judgment, which the Court granted. Craps subsequently filed this Rule 59(e) motion, to which BI-LO responded.

The Court, having been fully briefed on the relevant issues, is prepared to adjudicate Craps's motion on the merits.

### III.    STANDARD OF REVIEW

"A Rule 59(e) motion is discretionary [and] . . . need not be granted unless the district court finds that there has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 411 (4th Cir. 2010). It is an extraordinary remedy that should be applied sparingly. *EEOC v. Lockheed Martin Corp.*, 116 F.3d 110, 112 (4th Cir.1997).

Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (internal quotation marks omitted)).

**IV.     DISCUSSION AND ANALYSIS**

As the basis for BI-LO's alleged liability for Craps's fall, she "contends . . . BI-LO had constructive notice of the loose blueberries on the floor of the produce department and negligently failed to remove them." Crap's Motion at 4.

A storekeeper has "constructive notice whenever it appears that the condition has existed for such length of time prior to the injury that, under existing circumstances, he should have discovered and remedied it in the exercise of due care[.]" *Anderson v. Winn-Dixie Greenville, Inc.*, 257 S.C. 75, 77, 184 S.E.2d 77, 77 (1971). When "[n]o evidence is pointed out which reasonably tends to prove that the [dangerous condition] was on the floor at any particular time prior to the actual fall[,] [t]he jury should not be permitted to speculate that it was on the floor for such a length of time as to infer that [the] defendant was negligent in failing to detect and remove it." *Wimberly v. Winn-Dixie Greenville Inc.*, 165 S.E.2d 627, 629 (1969).

### *A.     Whether Craps's motion should be granted to correct a clear error of law*

Craps maintains the Court's clear error is evident in its statement that "Craps contends only that the [store] video creates a 'reasonable inference' of what time the blueberries may have reached the floor, not that the video definitively proves a certain time." *Craps v. BI-LO, LLC*, No. 3:19-cv-01896-MGL, 2021 WL 964971 at *3 (D.S.C. 2021). This is so, according to Craps, because "it appears that the Court held [Craps] to a standard that required her to present evidence that 'definitively' proved the time that the blueberries reached the floor of BI-LO's produce department." Craps's Motion at 5.

The Court held no such thing. It merely observed that Craps failed to contend "that the video definitively proves a certain time[ ]" the blueberries fell on the floor. *Craps*, 2021 WL 964971 at *3.

3

It did not hold that she had to actually prove a certain time. It is difficult to fathom how one could interpret this statement in any other way.

Further, to be clear, the Court did not conclude "that the video creates a 'reasonable inference' of what time the blueberries may have reached the floor," but only that Craps contended that it did. *Id*.

For these reasons, the Court concludes Craps has failed to demonstrate that her motion should be granted to correct a clear error of law.

### B.     *Whether Craps's motion should be granted because it is necessary to prevent manifest injustice*

Craps argues that, "[b]ecause the Court either misapprehended [her] . . . arguments or overlooked the circumstantial evidence presented on the issue of [BI-LO's] constructive notice, it would be manifestly unjust to allow the Court's Order to stand." Crap's Motion at 12.

As an initial matter, the Court accepts Craps's argument that, were she to provide competent evidence from which one could infer the blueberries had been on the floor for at least thirty minutes, this would be sufficient to establish constructive notice.

Here is the evidence Craps offers in support of her lawsuit against BI-LO:

As per the store video, "[a]t 5:10 p.m., a customer in a blue shirt appears to drop and/or pick something up off of the floor in the exact area of the Plaintiff's eventual fall." Craps's Motion at 7.

"At 5:19 p.m., a customer in a red shirt pushing a shopping cart appears to step on something and then look down at the floor in the exact area of the Plaintiff's eventual fall." *Id*. at 8 (citation omitted).

"At approximately 5:40 PM, while walking through the produce section, [Craps] slip[s] and [falls] on loose blueberries that were on the floor of the produce section." *Id* at 1 (citation omitted).

"[T]he photograph taken by a BI-LO employee following [Craps's] fall shows numerous smushed blueberries on the ground, from which [she argues] it would be reasonable to infer that other customers had stepped on the blueberries prior to the her fall, including the customer shown in the clip at 5:19 p.m." Craps's Motion at 8 (citation omitted).

From this evidence, Craps wishes for the Court to conclude the following: (1) the blueberries fell to the floor at or before 5:10 p.m.; (2) a customer in the blue shirt dropped and/or picked up something at 5:10 p.m. in the same spot where Craps later falls; (3) this something is blueberries; (3) another customer in a red shirt steps on something at 5:19 p.m. and then looks down to the floor in the same spot where Craps later falls; (4) this something is also blueberries; and, therefore, (5) BI-LO was on constructive notice of the blueberries on the floor.

So, one customer appears to drop and/or pick up something in the same spot Craps later fell. And, nine minutes later, another customer, in the same area, appears to step on something and look down. But, this proves nothing. As with the plaintiff in *Wintersteen v. Food Lion, Inc.*, 518 S.E.2d 828, 830 (S.C. Ct. App. 1999), "the [foreign substance] could have been on the floor for an extended period of time, it is just as possible that it had been on the floor for only moments before [the plaintiff] fell." *Id*.

In fact, as the Court noted in its Order granting BI-LO's motion for summary judgment, "the first time Crap walked through the area where she fell, she did so without incident. Thus, . . . it is not a stretch to infer she may have knocked over the blueberries herself the first time she walked through the area; and then fell on them when she came back through. That, of course, would arguably make her directly responsible for her own misadventure." *Craps*, 2021 WL 964971, at *3.

Regarding the photograph of the "smushed" blueberries, as BI-LO observes, "[t]he only pictures of the berries on the floor were taken after . . . Craps fall and there is no evidence or testimony to say that the smashed berries in the photo were anything other than smashed when

5

stepped on by . . . Craps or by subsequent actions at the scene." BI-LO's Response at 5.  As such, this photograph is of no help to Craps in establishing BI-LO had constructive notice of the blueberries being on the floor.

Thus, the Court declines Craps's invitation to substitute her speculation of when the blueberries fell on the floor for a legally reasonable inference of when the incident occurred.  As the evidence stands, it is just as reasonable for the Court to conclude Craps herself knocked the blueberries on the floor just before she fell as it is to assume the customer in the blue shirt referenced above picked up or dropped the blueberries on the floor at 5:10 p.m.

As an alternative argument, Craps maintains a jury could reasonably infer that, "because the blueberries were not seen being spilled onto the floor of [BI-LO's] produce department during the one hour time period shown on the video prior to [her] fall, the blueberries must have [fallen] on the floor prior to the beginning of the video footage." Craps's Motion at 10.

In support of this argument, Craps relies on a Maryland district court case, which held the following: "There is no indication in the surveillance video of a spill occurring, and the spot of water on the floor is not visible.  From this evidence–viewed in the light most favorable to [the plaintiff]– a reasonable juror could infer that the spill occurred before the time recorded in the video, and that the water was accordingly on the floor for at least [sixty-four] minutes before [the plaintiff] fell." *Collins v. Wal-Mart Stores East, LP*, Civil No. WDQ–13–0532, 2014 WL 583066, at *6 (D. Md. 2014).

But, in Maryland, a plaintiff is able to rely on the doctrine of res ipsa loquitur to prove her case.  *See District of Columbia v. Singleton*, 41 A.3d 717 (Md. 2012) ("To invoke successfully the doctrine [of res ipsa loquitur], the plaintiff must establish that the accident was '(1) of a kind that does not ordinarily occur absent negligence, (2) that was caused by an instrumentality exclusively

6

in the defendant's control, and (3) that was not caused by an act or omission of the plaintiff.'") (quoting *Holzhauer v. Saks & Co.*, 335–36, 697 A.2d 89 (Md. 1997) ). South Carolina, however, does not recognize the rule of res ipsa loquitur. *Snow v. City of Columbia*, 409 S.E.2d 797, 803 (S.C. Ct. App. 1991).

Simply put, the Court is unable to agree that BI-LO was on constructive notice the blueberries were on the floor based on nothing more than Craps's speculation and conjecture that they "must have [fallen] on the floor prior to the beginning of the video footage." Craps's Motion at 10.

In sum, Craps is unable to establish an approximate time as to when the blueberries fell on the floor, the length of time they were on the floor, or whether BI-LO had constructive notice of their presence. Consequently, Craps has failed to show that her motion should be granted because it is necessary to prevent manifest injustice.

## V.    CONCLUSION

Therefore, based on the foregoing discussion and analysis, it is the judgment of this Court Craps's Rule 59(e) motion to alter or amend the Court's judgment granting BI-LO's motion for summary judgment is **DENIED**.

**IT IS SO ORDERED**.

Signed this 16th day of February, 2022, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE